UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN LEON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:22-cv-00937-JRS-MG |
| | ) |
| INDIANA UNIVERSITY HEALTH CARE ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

**Order on Motion to Remand and Motion to Dismiss**

### I.   Introduction and Background

This is a dispute between a doctor and his former employer. Brian Leon was for many years affiliated with the IU Health system: that system, the byzantine inner workings of which are for the moment irrelevant, employed him as a practicing physician under the auspices of Indiana University Health Care Associates, d/b/a "Indiana University Health Physicians," though Leon apparently also taught at the IU School of Medicine. His employment with IU was, after some fifteen years without a written arrangement, formalized in an April 1, 2012 contract. Leon continued to work for IU until the relationship soured, sometime around April 2020. By October of that year, IU informed him it would not renew his contract with IU Health Physicians, and his School of Medicine appointment was, again apparently, collateral damage. Leon lost his job and allegedly suffered physical injury as a result; his wife, co-Plaintiff, suffered a severe stroke, also allegedly as a result. Leon is unsatisfied with how things ended. His Complaint, which runs to 53 pages, is divided into

nineteen "Counts" asserting legal theories under both state and federal law, including breach of contract and age discrimination in employment. (ECF No. 1-2.)

The case was removed to federal court. Now before the Court are two motions. First is IU's Partial Motion to Dismiss, (ECF No. 24), which asks that Leon's claims asserted on behalf of his patients should be dismissed under Rule 12(b)(1) and that various of Leon's other counts be dismissed under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(1); 12(b)(6). Second is Leon's Motion to Remand, (ECF No. 26), which argues that this Court lacks—or ought not exercise—supplemental jurisdiction over the state law counts.

Also before the Court are two subsidiary motions concerning IU's Reply. IU has filed a "Motion for Leave to File Brief in Excess of Page Limits," (ECF No. 52), to which a proposed brief is attached, (ECF No. 52-1), and a Motion for Enlargement of Time to File Reply," (ECF No. 51). Those motions are inconsequential, as will be seen, so the Court grants the Motion for Leave to File Brief, deems the proposed brief filed as IU's Reply, and denies as moot the Motion for Enlargement of Time. The motion to dismiss is now fully briefed.

## II.   Discussion

The parties have devoted considerable energy to briefing these motions. At the root of the matter, though, are two straightforward questions: what part, if any, of this dispute is within this Court's jurisdiction? And does the complaint allege a plausible claim for relief sufficient to withstand a Rule 12(b)(6) motion to dismiss?

### A. Jurisdiction

The case was removed to federal court on May 13, 2022. Leon filed his Motion to Remand on August 23. (ECF No. 25.) While the motion asserts procedural defects in the removal, those arguments are barred by the 30-day time limit in 28 U.S.C. § 1447(c). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996). The Court, accordingly, will address only subject-matter jurisdiction. 28 U.S.C. § 1447(c).

Leon's arguments weave a tangled web. Instead of picking away at them one by one, the Court will sweep away the whole: subject-matter jurisdiction is proper in this Court by the ordinary operation of jurisdictional statutes, abstention is not warranted, and standing is a non-issue.

The Court begins with jurisdictional basics. By the terms of the general removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" to the appropriate federal district court. 28 U.S.C. § 1441(a). By the terms of the federal question statute, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Furthermore, under the supplemental jurisdiction statute, where the district court has original jurisdiction, it also "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Here, Leon's complaint includes Count XIX for age discrimination in employment. (Compl. 51, ECF No. 1-2.) The facts there alleged sketch a plausible claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 623(a), as IU recognizes, (Def. Resp. 2, ECF No. 30), and Leon in his motion agrees, (Pl. M. Remand 8, ECF No. 27). The ADEA is a federal statute that gives the Court original jurisdiction under 28 U.S.C. § 1331. Thus removal is appropriate under 28 U.S.C. § 1441(a). The state-law theories come along and are within the Court's supplemental jurisdiction under § 1367. Despite the multiplicity of legal theories, the whole case concerns the rocky breakup between Leon and IU in 2020 and early 2021. This is not an amalgam of unrelated cases fused together for pleading purposes; it is one case.

The Court may, at its discretion, decline to exercise supplemental jurisdiction over state law claims where those preponderate, or are especially difficult, or exceptional circumstances obtain, 28 U.S.C. § 1367(c), but that is not necessary here. An employment dispute that comprises state law contract and federal law discrimination elements is bread and butter to this Court. And the mere fact of the state courts' concurrent jurisdiction over some elements of the case is not, standing alone, grounds for this Court to decline jurisdiction. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976); *AAR Int'l, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir. 2001).

Next, Leon argues in his reply brief for one or more of the abstention doctrines— an argument that IU felt consequential enough to dignify with a surreply. Generally arguments raised for the first time in a reply brief are waived. *White v. United States*,

8 F.4th 547, 552 (7th Cir. 2021). Now that IU has had a chance to respond, though, the Court will briefly address the issue. None of the abstention doctrines is applicable here. There is no state criminal proceeding, no parallel state civil proceeding, no complicated state regulatory scheme, and no exceptional factors to disturb the usual rule: the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817.

Finally, there is some question of Article III standing, because Leon purports to assert claims on behalf of his patients, who are not parties to this suit. (The parties do not dispute Leon's standing to assert claims on his own behalf.) IU was the first to raise the issue, (Br. Supp. M. Dismiss 8–11, ECF No. 25), and Leon, instead of contesting, concedes, (Pl. Resp. 2–3, ECF No. 46). Leon apparently believes he will have standing to assert those claims in state court, (*id.* at 3–4), which the Court thinks doubtful, but it is no longer an issue for the Court to decide.

### B. Sufficiency of the Complaint

Leon has styled his complaint as a factual narrative followed by a set of nineteen "Counts," each of which advances a legal theory. IU's motion to dismiss styles itself as a "partial" motion to dismiss and addresses its arguments to the merits of seventeen of the nineteen of those legal theories. While the parties' eagerness to trim down this unwieldy case is admirable, they are not using Rule 12(b)(6) properly.

The legal standard for Rule 12(b)(6) is familiar: "A Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (quoting *Runnion v. Girl*

*Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015)).  Rule 8(a) requires that the complaint contain a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  "To meet this standard, a plaintiff is not required to include 'detailed factual allegations,'" but the factual allegations must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Rule 8 establishes a notice pleading regime.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system.").  Rule 8 neither requires nor encourages plaintiffs to identify legal theories in a complaint:

> Although it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this. To the contrary, the rules discourage it. Complaints should be short and simple, giving the adversary notice while leaving the rest to further documents.

*Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992).  It follows, then, that "the complaint need not identify a legal theory, and specifying an incorrect theory is not fatal."  *Id.*; *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (collecting cases and noting "we have stated repeatedly (and frequently) that a complaint need not plead legal theories, which can be learned during discovery"). Of course,

6

> [i]dentifying legal theories may assist defendants and the court in seeing how the plaintiff hopes to prevail, but this organization does not track the idea of 'claim for relief' in the federal rules. Putting each legal theory in a separate count is a throwback to code pleading, perhaps all the way back to the forms of action; in both, legal theory and facts together created a 'cause of action.' The Rules of Civil Procedure divorced factual from legal aspects of the claim and replaced 'cause of action' with 'claim for relief' to signify the difference. *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir.1992). A complaint should limn the grievance and demand relief. It need not identify the law on which the claim rests, and different legal theories therefore do not multiply the number of claims for relief.

*N.A.A.C.P. v. American Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992). *See also Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998) ("[A]bandonment of code pleading is the fundamental choice behind Rule 8, the reason why it does not contain the phrase 'cause of action,' a term of art in code-pleading days."). A claim, then, is a set of facts with legal theory implicit rather than a legal theory with facts adduced to establish each element. *See* Charles Alan Wright & Arthur R. Miller, 5 Federal Practice and Procedure § 1216 Statement of the Claim—Significance of "Claim for Relief" (4th ed.). So "[o]ne set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate." *N.A.A.C.P. v. Am. Fam.*, 978 F.2d at 292.

A Rule 12(b)(6) motion, then, cannot be used to insist that the complaint match facts to law. *Hoskins v. Poelstra,* 320 F.3d 761, 764 (7th Cir. 2003) ("Rule 8 does not require—or permit district judges to require—fact pleading. So the Supreme Court forcefully held in *Swierkiewicz*."); *N.A.A.C.P. v. Am. Fam.*, 978 F.2d at 292. Nor can a Rule 12(b)(6) motion be used to attack individual legal theories: to strike out an incorrect legal theory in one "count" (or seventeen "counts," as the case may be) does

7

not affect the sufficiency of the complaint, so long as, working from the facts as alleged (that is, the claim or claims), at least one plausible theory remains. *Am. Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 727 (7th Cir. 1986) ("[A] complaint cannot be dismissed merely because one of the theories on which it proceeds, and the facts alleged in support of that theory, do not make out a claim for relief."); *O'Grady v. Vill. of Libertyville*, 304 F.3d 719, 723 (7th Cir. 2002) ("A plaintiff is not required to set forth a legal theory to match the facts, so long as some legal theory can be sustained on the facts pleaded in the complaint.").

In effect, then, there is no such thing as a "partial" Rule 12(b)(6) motion to dismiss where the complaint presents a single claim accompanied by various legal theories for relief. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims."). The motion must rule out all plausible theories or the claim survives.

Here, neither party adheres to the pleading principles described above. *Am. Nurses' Ass'n*, 783 F.2d at 723 ("The idea of 'a plain and short statement of the claim' has not caught on."). Leon has framed his complaint as a factual narrative followed by a set of "counts." Each count presents only one legal theory, but often more than one underlying wrong (that is, claim). IU's motion to dismiss responds to the counts as framed using both flawed approaches described above: it attacks individual legal theories without addressing the underlying claim or claims,[1] and it argues that Leon's

---

[1] (*See, e.g.*, Pl. Reply 8, ECF No. 52-1 ("The Complaint clearly alleges that Dr. Leon was involuntarily terminated, so Dr. Leon cannot bring a claim under the Indiana Wage Payment Statute, which applies only to current employees or those who voluntarily left employment. Ind. Code § 22-2-5-1(b)."); *id.* at 25 ("The crime of fraud is completely different than the crime

failure to live up to a facts-to-law code pleading standard is fatal to his claims.[2] Because neither of those approaches works, IU could only achieve a partial dismissal if, for some one claim, it happens to negate every legal theory allowing recovery on that claim.

It has not, the Court thinks, succeeded in doing so. The Court finds the heart of the dispute in three claims: (1) that IU failed to renew Leon's contract in October 2020; (2) that Leon was not paid for his additional duties in the years leading up to the nonrenewal; and (3) that IU sent a letter to Leon's patients in February 2021 that he did not approve. All three claims survive, because each appears, either directly or by reference, in "Count I"; "Count I" is a legal theory for relief; and IU does not seek to dismiss "Count I." (Def.'s Br. Supp. M. Dismiss 8, ECF No. 25.) Thus even the loss of every other legal theory—as would happen if the Court were to grant in its entirety IU's "partial" motion to dismiss—cannot rule out recovery on the three core claims.[3] They survive.

The parties may be disappointed that their extensive briefing on Rule 12(b)(6) has so little availed them. But there are later, better chances to cut the case down to size. "Complaints in a system of notice pleading initiate the litigation but recede into the

---

of deception, and the Complaint fails to allege that IUHP committed the crime of fraud under Ind. Code 35-43-5-4(a).").)

[2] (*See, e.g.*, Pl. Reply 8, ECF No. 52-1 ("The Complaint does not plead facts th[at] establish the requisite elements of an agency relationship with Dr. Leon as principal, or any breach of duties owed"); *id.* at 13 ("Dr. Leon does not allege required elements of intentional interference, lack of justification, independent illegal action, or damages.").)

[3] IU also admits that Count XIX, for age discrimination in employment, remains. (Def.'s Br. Supp. M. Dismiss 8, ECF No. 25.) That theory, conveniently, is federal. Thus even if IU were correct that all seventeen counts it wishes to dismiss are fatally flawed, the Court would still have jurisdiction over the pared-down case under 28 U.S.C. § 1331.

background as the case progresses." *Bartholet*, 953 F.2d at 1078; *Hoskins*, 320 F.3d at 764 ("Complaints just launch the case."). Partial dispositions are allowed on summary judgment, *BBL, Inc.*, 809 F.3d at 325 ("At the summary-judgment stage, the court can properly narrow the individual factual issues for trial by identifying the material disputes of fact that continue to exist."), and of course Leon has his own interest in figuring out which theories are viable, *Bartholet*, 953 F.2d at 1078 ("A drafter who lacks a legal theory is likely to bungle the complaint (and the trial); you need a theory to decide which facts to allege and prove."). The Court awaits those developments. *Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996) ("[W]e deplore the mindless proliferation of legal theories by trial lawyers. But insistence that a legal theory be mentioned in the complaint is not, under a regime of notice pleading, a proper method of case management.").

### III.  Conclusion

The Court first **granted** IU's "Motion for Leave to File Brief in Excess of Page Limits," (ECF No. 52), and **deemed filed** the attached proposed brief, (ECF No. 52-1); the Court then **denied as moot** IU's "Motion for Enlargement of Time to File Reply," (ECF No. 51).

Turning to the substantive motions: the Court has subject-matter jurisdiction over this case, and the complaint, despite its potentially flawed legal theories, states a plausible claim for relief sufficient to survive a Rule 12(b)(6) motion to dismiss. The one exception is Leon's claims on behalf of his patients, which both parties agree Leon lacks standing to assert, and which are consequently outside the Court's jurisdiction.

Therefore:

Leon's Motion to Remand, (ECF No. 26), is **denied.**

IU's Partial Motion to Dismiss, (ECF No. 24) is **granted** with respect to the Rule 12(b)(1) arguments against Leon's standing to assert on-behalf-of-patient claims; those claims are **dismissed without prejudice** for lack of subject matter jurisdiction. The motion is **denied** with respect to the Rule 12(b)(6) arguments against Leon's personal claims.

**SO ORDERED.**

Date: 11/3/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.