UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRIAN LEON, | ) | |
| DEBORAH LEON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00937-JRS-MG |
| | ) | |
| INDIANA UNIVERSITY HEALTH CARE | ) | |
| ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiffs Brian Leon and Deborah Leon's Motion for Leave to Serve Additional Requests for Admission, [Filing No. 64], on Defendant Indiana University Health Care Associates, Inc. Defendant has filed an opposition, [Filing No. 70], to which Plaintiffs have replied, [Filing No. 74]. The matter is now ripe for the Court's consideration.

### A. Legal Standard

Requests for admission ("RFAs") are a discovery tool governed by Fed. R. Civ. P. 36. The relevant sections of that rule provide as follows:

> **(a) Scope and Procedure.**
> **(1) *Scope.*** A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
> **(A)** facts, the application of law to fact, or opinions about either; and
> **(B)** the genuineness of any described documents.
> **(2) *Form; Copy of a Document.*** Each matter must be separately stated. A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying.
> ***

Fed. R. Civ. P. 36(a). "[T]he matters on which an admission is requested must be separately stated.

The party called upon to respond should not be required to go through a document and assume the

responsibility of determining what facts it is being required to admit."  Wright, Miller, & Marcus, 8B Fed. Prac. & Proc. Civ. § 2258 (3d ed).  The request should be phrased directly and simply such that "it can be admitted or denied without explanation."  *Id.*  RFAs cannot ask a party to admit a legal conclusion. *Whole Woman's Health Alliance v. Hill*, 2020 WL 1028040, at *3 (S.D. Ind. Mar. 2, 2020).  Parties, can, however, serve RFAs seeking admissions as to "the application of law to fact."  Fed. R. Civ. P. 36(a)(1)(A).

While Fed. R. Civ. P. 36 itself does not limit the number RFAs that a party may serve, this Court's Local Rules do.  More specifically, Local Rule 36-1 provides that:

> No party may serve on any other party more than 25 requests for admission without leave of court. Requests relating to the authenticity or genuineness of documents are not subject to this limitation. Any party desiring to serve additional requests for admission must file a written motion setting forth the proposed additional requests for admission and the reason(s) for their use.

S.D. Ind. L.R. 36-1.  Leave is granted when the requesting party makes a "particularized showing" that "[t]he requested information is relevant to the case and will serve to simplify the issues as th[e] case proceeds." *Pratt v. InTown Lessee Servs., LLC*, 2021 WL 5412532, at *1 (S.D. Ind. Feb. 22, 2021) (citing *Duncan v. Paragon Publ'g*, 204 F.R.D. 127, 128 (S.D. Ind. 2001)).  And, in counting RFAs, the Court includes "subparts" as part of that count under the same standard as counting Fed. R. Civ. P. 33 interrogatory subparts.  *See Geng v. Spencer*, 2020 WL 4557752, at *2 (S.D. Ind. Aug. 6, 2020).  That standard is "each subpart … is counted as an individual interrogatory unless it is 'logically or factually subsumed within and necessarily related to the primary question.'" *Fair Hous. Ctr. of Cent. Ind., Inc. v. Welton*, 2019 WL 2422594, at *3 (S.D. Ind. June 10, 2019) (quoting *Slabaugh v. State Farm Fire & Cas. Co.*, 2013 WL 4777206, at *3 (S.D. Ind. Sept. 5, 2013)).  Extensive use of subparts can "defeat the purposes of the numerical limit … by rendering it meaningless." *Id.* at *3.

2

### B. Discussion

In their Motion, Plaintiffs argue that the Court should grant them leave to serve additional RFAs because doing so "will help to define the matters in controversy and expedite the trial by narrowing the issues in dispute." [Filing No. 64 at 2.] More specifically, say Plaintiffs, the additional RFAs will "simplify issues in the case relating to questions of whether the contract between the parties [Dr. Leon and Defendant] is valid and enforceable." [Filing No. 64 at 2.] Attached to Plaintiffs' Motion are *all* the RFAs Plaintiffs want to serve on Defendant (not just the additional RFAs). [Filing No. 64-1.] The RFAs, on their face, total 93, but over half of the RFAs contain multiple subparts, including one RFA (Request No. 84) that contains 15 subparts. [*See id.*] Plaintiffs acknowledge that S.D. Ind. L.R. 36-1 limits them to serving 25 RFAs (for each Plaintiff, for a total here of 50) without leave of court. [Filing No. 64 at 1.]

Defendant responds that Plaintiffs' proposed RFAs are excessive and observe that including all the discrete subparts of RFAs results in a total of 235 distinct requests. [Filing No 70 at 2-3.] Defendant also notes that the RFAs appear to primarily concern Dr. Leon's claims related to his employment with Defendant, rather than Ms. Leon's intentional infliction of emotional distress and loss of consortium claims, and therefore questions the propriety of Plaintiffs assuming they are entitled 50 RFAs under this Court's Local Rules. [Filing No. 70 at 3.] Defendant further observes that Plaintiffs have also served 101 requests for production and 27 interrogatories (which also include extensive subparts), and therefore leave to serve an extensive number of RFAs is not warranted because the other written discovery "significantly overlaps with the RFAs, making the RFAs cumulative and burdensome and suggestion an intent to burden and harass Defendant, rather than determine disputed facts." [Filing No. 70 at 4.] Defendant further argues that many of the RFAs that Plaintiffs seek leave to serve are improper requests for legal conclusions about

aspects of Dr. Leon's contract with Defendant.  [Filing No. 70 at 4.]  Defendant also says that various RFAs are objectionable for other reasons, including that they ask Defendant to admit or deny hypotheticals and to admit or deny the validity of Plaintiffs' legal theories.  [Filing No. 70 at 6-7.]  Defendants asks the Court to "allow each Plaintiff to serve no more than 25 proper [RFAs] related to their respective claims which are simple, direct and concise…."  [Filing No. 70 at 7.]

Plaintiffs reply that Dr. Leon and Ms. Leon are separate parties, each entitled to 25 RFAs, and further, that Ms. Leon's claims are intertwined with her husband's employment-related claims.  [Filing No. 74 at 2.]  They also say that all of their proposed RFAs seek discoverable information under Fed. R. Civ. P. 26 and that Fed. R. Civ. P. 36 does not expressly prohibit inquiring about legal issues or hypotheticals.  [Filing No. 74 at 3-4.]  Plaintiffs also take issue with Defendant's argument that RFA subparts constitute distinct requests.  [Filing No. 74 at 4-5.]

At this juncture, the question before the Court is a narrow one—should Plaintiffs be granted leave to serve RFAs beyond the numerical limit imposed by S.D. Ind. L.R. 36-1.  On that question, the Court has reviewed the allegations in this case, and given the number of claims at issue, the Court grants Plaintiffs leave to serve 10 additional RFAs each, for a total of 35 RFAs per Plaintiff. Plaintiffs are to serve their 35 RFAs within 7 days of this Order.  Plaintiffs' request to serve 93 RFAs (with multiple distinct subparts, rendering the total number much higher) is excessive to the needs of this case and repetitive to other discovery pursued by Plaintiffs.

The Court agrees with Defendant that many of the RFAs attached to Plaintiffs' Motion are improper for all kinds of reasons.  But, objections to RFAs are not currently before the Court and the Court declines to give an advisory rulings at this time about potential ways in which Plaintiffs' RFAs are objectionable before Defendant responds to specific RFAs with objections.  The Court also agrees that many of the subparts in the proposed RFAs are properly counted as separate RFAs

because they are not sufficiently related to a primary question.  *See Fair Hous. Ctr. of Cent. Ind.,* 2019 WL 2422594, at *3.  Plaintiffs are cautioned that if they exceed the 35 RFA limit by inclusion of insufficiently related subparts, Defendant need not answer excess RFAs.

In the interest of efficiency, the Court will strike the current proposed RFAs attached to Plaintiffs' Motion, and permit Plaintiffs the opportunity to revise and re-serve their RFAs on Defendant (limited to 35 each) within 7 days of this Order.  Plaintiffs would be well advised to review the rules and case law discussed in this Order and make proper and concise discovery requests on Defendant.

**C.  Conclusion**

For the foregoing reasons, Plaintiffs' Motion for Leave to Serve Additional Requests for Admission [64] is **GRANTED IN PART AND DENIED IN PART** to the extent that each Plaintiff is granted leave under S.D. Ind. L.R. 36-1 to serve 10 additional RFAs (for a total of 35 for each Plaintiff).  Furthermore, the Court strikes the proposed RFAs attached to Plaintiffs' Motion [64-1] and orders Plaintiffs to serve their 35 RFAs on Defendant within 7 days of this Order.

Date: 3/10/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**

5