UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN LEON, M.D., FACP AND DEBORAH LEON, HUSBAND AND WIFE, ) ) ) ) | |
| Plaintiffs, ) | CASE NO. 1:22-cv-00937-JRS-MG |
| v. ) ) | |
| INDIANA UNIVERSITY HEALTH CARE ASSOCIATES, INC., ) ) ) | |
| Defendant. ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION TO MAINTAIN DOCUMENTS UNDER SEAL AND MOTION TO
MAINTAIN ADDITIONAL DOCUMENT UNDER SEAL**

Pursuant to Local Rule 5-11 of the Local Rules for the United States District Court for the Southern District of Indiana and the Stipulated Protective Order entered in this action (ECF No. 62), defendant Indiana University Health Care Associates, Inc. ("IUHP") respectfully submits this brief in support of Plaintiffs' Motion to Maintain Documents Under Seal. (ECF No. 148.)

IUHP respectfully requests the Court to maintain under seal Exhibit 6 (ECF No. 145-2) and Exhibit 20 (ECF No. 145-15), both of which are attached as exhibits to the Appendix II Table of Contents for Plaintiffs Dr. Brian Leon's and Deborah's Joint Brief in Opposition to IUHP's Cross-Motion for Summary Judgment. (ECF No. 145-1). IUHP also requests the Court maintain the unredacted copy of Dr. Leon's Second Affirmation (ECF No. 146) under seal, and issue an order requiring Dr. Leon to publicly file a redacted version as to

1

paragraph 64 of his Second Affirmation which identifies a former patient, as further specified below. (ECF No. 146.)

## I. Legal Standard

The United States Court of Appeals for the Seventh Circuit authorizes this Court to seal any part of the record of an action for good cause shown. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). A party has "good cause" if the document meets "the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l Inc. v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002). Trade secrets "can include a variety of information . . . whether business, financial, or commercial," so long as "competitive harm [is] likely to result from the disclosure of [the] protected information." *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248 (S.D. Ind. 2001).

Under Indiana law, "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Ind. Code § 24-2-3-2. Similarly, the federal Defend Trade Secrets Act defines a trade secret to include any

commercially valuable information that is not publicly known where reasonable effort is taken to preserve its confidentiality. 18 U.S.C. § 1839(3).

In addition, the Health Insurance Portability and Accountability Act's ("HIPAA") privacy rules protect individually identifiable health information held or transmitted by a covered entity or its business associate in any form or media. Health information created by a covered entity is individually identifiable if it identifies the individual or provides a reasonable basis to believe it could be used to identify the individual. 45 C.F.R. § 160.103. Personal health information that is sensitive may be sealed. *Perry v. Bath & Body Works, LLC*, 993 F.Supp.2d 883, 890 (ordering that documents referencing personal health information of nonparties should remain under seal).

Here, good cause exists to maintain Exhibit 6 (ECF No. 145-2), Exhibit 20 (ECF No. 145-15), and Dr. Leon's Second Affirmation (ECF No. 146) under seal.

## I. Documents Requested to be Maintained Under Seal

### a. Exhibit 6

Exhibit 6 is an email between Dr. Leon and one of his patients. The email implicates patient information because the writer specifically identifies himself as a patient of Dr. Leon's. Therefore, IUHP believes that an unredacted copy of Exhibit 6 should be sealed pursuant to HIPAA. At this time, IUHP does not believe less restrictive means are available because Exhibit 6 implicates patient information and it is not clear that

redactions would be possible that would allow this document to be filed without indicating the former patient's identity.

### b. Exhibit 20

Exhibit 20 is a letter to Dr. Leon from IUHP regarding IUHP's primary care compensation model. IUHP believes this exhibit falls within the definition of a trade secret under Indiana and federal law. The letter refers to specifics of compensation. Information about the terms and conditions on which IUHP employs physicians – including physician compensation – is commercially valuable information that is not publicly known, and which could be commercially detrimental to IUHP if used by a competitor to recruit or hire away IUHP physicians.

IUHP undertakes reasonable efforts to protect the confidentiality of such information, including by filing motions to seal, and treating such information as confidential. As a whole, this exhibit is a document which IUHP treats as confidential, and which could put IUHP at a disadvantage in recruiting and retaining physicians, if publicly known. Because this exhibit constitutes a trade secret, good cause is shown under Seventh Circuit authority to maintain Exhibit 20 under seal. *Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). At this time, IUHP does not believe less restrictive means are available because Exhibit 20 contains highly competitively sensitive information and could be used to IUHP's detriment if known by competitors.

    **c. Paragraph 64 of Dr. Leon's Second Affirmation**

Paragraph 64 of Dr. Leon's Second Affirmation identifies one of Dr. Leon's former patients. IUHP believes the unredacted copy of Dr. Leon's Second Affirmation should be sealed pursuant to the Health Insurance Portability and Accountability Act, and Dr. Leon should be ordered to file a new Second Affirmation that redacts the portion of paragraph 64 that could be used to identify his former patient. IUHP does not believe less restrictive means are available because paragraph 64 could be used to implicate protected health information (*i.e.*, Dr. Leon's former patient's identity).

II.    **Whether Maintenance of the Exhibits Under Seal is Opposed by any Party**

It appears from plaintiffs' Motion to Maintain Documents Under Seal that plaintiffs agree Exhibit 6 (ECF No. 145-2) is confidential. (ECF No. 148 at 1-2.) It is unclear whether the Leons oppose maintaining Exhibit 20 (ECF No. 145-15) under seal. Finally, because Dr. Leon filed his Second Affirmation as a public document, it appears he does not consider the information contained in paragraph 64 to be confidential, but he should have no basis to oppose IUHP's request that information that could be used to identify a former patient be maintained under seal.

WHEREFORE, defendant IUHP respectfully requests the Court to maintain under seal Exhibit 6 (ECF No. 145-2) and Exhibit 20 (ECF No. 145-15). IUHP also requests the Court to maintain the unredacted copy of Dr. Leon's Second Affirmation (ECF No. 146) under seal, and issue an order requiring Dr. Leon to publicly file a redacted version as

to paragraph 64 of his Second Affirmation which identifies a former patient, as further specified below. (ECF No. 146.)

                                     Respectfully submitted,

Date: February 7, 2024             /s/ *Laurie E. Martin*
                                     Laurie E. Martin (#26877-49)
                                     Molly E. Broadhead (#35247-49)
                                     HOOVER HULL TURNER, LLP
                                     111 Monument Circle, Suite 4400
                                     P.O. Box 44989
                                     Indianapolis, IN 46244-0989
                                     Telephone: (317) 822-4400
                                     Facsimile: (317) 381-5836
                                     lmartin@hooverhullturner.com
                                     mbroadhead@hooverhullturner.com

                                     *Attorneys for IUHP*